IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RHH LLC d/b/a TELOS FURNITURE,

                ORDER

              Plaintiff,

    v.                                  19-cv-161-slc

MADISON HOTEL PROPERTY INVESTMENT, LLC,
PURCHASING SOLUTIONS INTERNATIONAL, INC.
and J. MICHAEL WILLIAMS,

              Defendants.

---

In this breach of contract action, plaintiff RHH LLC alleges diversity jurisdiction under 28 U.S.C. § 1332. A review of the complaint, dkt. 1, reveals that plaintiff's allegations regarding citizenship for the parties are inadequate because it has alleged only the principal place of business for it and defendant Madison Hotel Property Investment.

The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

The citizenship of a limited liability company such as RHH and Madison Hotel is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because plaintiff has not identified or alleged the citizenship of each of the members of RHH and Madison Hotel Property Management, the court cannot determine whether plaintiff is diverse with respect to all of the defendants.

Therefore, IT IS ORDERED that plaintiff has until March 27, 2019 to submit verification of the citizenship of each of the members of it and Madison Hotel Property Management. An affidavit would suffice. In complying with this order, plaintiff should keep in mind that for the purpose of diversity jurisdiction, it is the citizenship of a party, not the residency of a party that matters for diversity purposes. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Further, corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F. 2d 1220, 1223 (7th Cir. 1991)).

Entered this 12th day of March, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge