IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RHH LLC d/b/a TELOS FURNITURE,

           Plaintiff,

  v.

MADISON HOTEL PROPERTY INVESTMENT,
LLC,
PURCHASING SOLUTIONS INTERNATIONAL,
INC., and J. MICHAEL WILLIAMS,

           Defendants.

ORDER

19-cv-161-jdp

---

The court ordered plaintiff RHH LLC to submit documents showing complete diversity of citizenship under 28 U.S.C. § 1332. Dkt. 5. In particular, the court asked RHH to submit verification of the citizenship of each of RHH's members, and the citizenship of each of the members of defendant Madison Hotel Property Investment, LLC. RHH has submitted two declarations in response to the order. Dkt. 6 and Dkt. 7. These declarations are sufficient to establish a good faith basis for alleging Madison Hotel's citizenship, but they fail to establish the citizenship of RHH.

RHH says that it is composed of seven members. Dkt. 6. Four of these members are individuals who RHH says are citizens of North Carolina, New York, and Kentucky. But three of RHH's members, Solet Advisors LLC, RJC limited, and EAE, Inc., are business entities, and RHH has failed to establish the citizenship of these companies.

RHH says that Solet Advisors is "owned by Sheri Feast" and that Feast is a citizen of Nevada. But it's not clear if this means that Feast is the sole member of Solet Advisors, or whether there are additional members. The citizenship of a limited liability company is

determined by the citizenship of *each* of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). And if any of the members of a limited liability company are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). Here, RHH needs to specify whether Solet Advisors has additional members and, if so, the citizenship of those members.

RHH does not provide any information that would allow the court to determine the citizenship of EAE, Inc., or RJC Limited. Presumably, EAE is a corporation, which means that it is a citizen of its state of incorporation and the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). RHH must provide this information to the court. As for RJC Limited, RHH says that it is a Canadian citizen, but it has not explained what type of organization RJC Limited is. If RJC Limited is a corporation, then RHH must provide its place of incorporation and its principal place of business. If RJC Limited is an unincorporated association, not a corporation, then RHH must allege the citizenship of each of its members.

As for the citizenship of defendant Madison Hotel, RHH says it does not have personal knowledge of Madison Hotel's members, but that according to the Wisconsin Department of Financial Institutions it is a "foreign limited liability company." Dkt. 7, ¶ 4. RHH also cites several news articles, which suggest that Madison Hotel is owned by DeFoor Brothers Development, and that DeFoor Brothers is a limited liability company whose members are Tennessee citizens. *Id.*, ¶ 5. This is not perfect, but given the limited information available to

2

RHH, it is sufficient to establish a good faith basis for alleging Madison Hotel's citizenship. If Madison Hotel is not in fact a citizen of Tennessee, then it may contest jurisdiction. Ultimately, it will be RHH's burden to prove that this court has subject matter jurisdiction, so RHH should make sure it gets the evidence needed to make this showing.

The court will give RHH 14 days to file an amended complaint that alleges the facts necessary to determine the names and citizenship of each of RHH's members. If RHH fails to do so, the court will dismiss the case for lack of subject matter jurisdiction

ORDER

IT IS ORDERED that:

1. Plaintiff may have until April 22, 2019, to file materials sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction

Entered April 8, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge