IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RHH LLC d/b/a TELOS FURNITURE,

               Plaintiff,

    v.

MADISON HOTEL PROPERTY INVESTMENT, LLC,
PURCHASING SOLUTIONS INTERNATIONAL,
INC., and J. MICHAEL WILLIAMS,

               Defendants.

ORDER ON DEFAULT
JUDGMENT

19-cv-161-jdp

---

Defendant J. Michael Williams, through his company, Purchasing Solutions International, Inc., arranged for plaintiff RHH LLC, d/b/a Telos Furniture, to sell hotel furniture to defendant Madison Hotel Property Investment, LLC. Madison Hotel got the furniture, but Telos Furniture didn't get paid, so Telos Furniture filed this lawsuit. Madison Hotel brought crossclaims against Williams and Purchasing Solutions, alleging Williams and Purchasing Solutions had kept money that Madison Hotel had given them to pay Telos Furniture. Dkt. 29.

Madison Hotel and Telos Furniture have settled their dispute and dismissed their claims and counterclaims against one another. *See* Dkt. 61. But Purchasing Solutions and Williams failed to answer Telos's complaint and Madison Hotel's crossclaims. Telos Furniture and Madison Hotel have each moved for default judgment against Purchasing Solutions and Williams. Dkt. 62 and Dkt. 72. The court held a hearing on the motions on July 14, 2020.

Purchasing Solutions has filed for bankruptcy, so any action against Purchasing Solutions is stayed. Dkt. 86.

Telos Furniture says that it cannot confirm that it properly served either Purchasing Solutions or Williams, Dkt. 93, and it voluntarily dismisses its lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Dkt. 94. This disposes of Telos Furniture's action in its entirety, and its motion for default judgment is denied as moot.

That leaves Madison Hotel's action against Williams. Madison Hotel asks the court to grant it default judgment on its civil theft claim against Williams. But that would result in a partial judgment, because the claim against Purchasing Solutions is stayed, but still pending. Partial judgment is allowed under Federal Rule of Civil Procedure 54(b) if there are separate claims and there is no just reason for delay. But "the action must involve separate claims." *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108 (7th Cir. 1984). "At a minimum, claims cannot be separate unless separate recovery is possible on each." *Local P-171, Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1070–71 (7th Cir. 1981).

Madison Hotel's civil theft claim makes a single demand for damages against both Purchasing Solutions and Williams based on the same factual allegations against both defendants. *See* Dkt. 29, ¶¶ 42–48. Madison Hotel will not be able to make a separate recovery against both defendants, so the court cannot enter a final judgment against Williams under Rule 54(b). *See also Cassady v. Roadlink USA Midwest LLC*, No. 12-cv-878-JPG-SCW, 2014 WL 793109, at *2 (S.D. Ill. Feb. 26, 2014) (declining to enter default judgment under Rule 54(b) against one defendant on claims against that defendant that were inextricably intertwined with claims against another defendant). The court will deny Madison Hotel's motion for default judgment without prejudice. Madison Hotel may renew its motion once the claims against Purchasing Solutions are resolved.

ORDER

IT IS ORDERED that:

1. Plaintiff RHH LLC d/b/a Telos Furniture's motion for entry of default judgment, Dkt. 62, is DENIED as moot.

2. Defendant Madison Hotel Property Investment, LLC's motion for entry of default judgment, Dkt. 72, is DENIED without prejudice.

Entered August 3, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3